**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(Houston Division)**

| | | |
|---|---|---|
| **Princeton Wong** | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No. 4:16-cv-2975** |
| | ) | |
| | ) | |
| | ) | |
| **Tykma Electrox Company** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONARABLE JUDGE OF SAID COURT:**

**COMES NOWS** Princeton Wong (hereinafter "Plaintiff" or "Mr. Wong") and files this Plaintiff's Original Complaint against Tykma Electrox Company (hereinafter referred to as "Tykma"), and would respectfully show unto the Court as follows:

### PARTIES

1.      Plaintiff is individuals and is currently a citizens of the State of Texas.

2.      Defendant Tykma is, upon information and belief a corporation doing business in Texas and maintains a physical address at 370 Gateway Drive Chillicothe, OH 45601.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court has specific personal

jurisdiction over Tykma, a company that conducts business nationwide over the Internet, because Tykma has availed itself to the jurisdiction of this court by having certain minimum contacts with a resident of this District of the state of Texas.

4.      Venue is proper for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## NOTICE

5.      Plaintiff gave Defendant a pre-suit notice of at least sixty (60) days as required by Texas Business and Commerce Code section 17.505(a).

## FACTUAL BACKGROUND

6.      On or about December of 2015, Mr. Wong contacted Tykma regarding the purchase of a laser marking and engraving system for his business ("the Machine"). During his early correspondence with Tykma, Mr. Wong made it clear that he wished to use this device to perform deep/three-dimensional (3-D) engraving.

7.      After exchanging numerous phone calls and emails with Mr. Wong Tykma provided him with various proposals and invoices and offered various upgrades to the Machine's standard functions, one of which was a "Laser Upgrade SPI-50W EP 40 Waveform", ("the Upgrade"). Tykma promised that the Upgrade would allow Mr. Wong to get better and "easier" results and achieve the performance he desired and carry out Mr. Wong's requisite tasks with a high level of quality. Mr. Wong paid an additional $6,017.00 for the Upgrade above and beyond the $39,900 base cost of the Machine.

8.      Further, Mr. Wong inquired specifically about functions that would allow him to do deep/3D engraving. Tykma assured him that the Machine had such capabilities. In fact, Tykma's last purchase proposal claimed to provide "40 selectable waveforms with pulse durations of 3-500ns".

9.      On March 16, 2016, after over two months of correspondence Tykma shipped the Machine to the Plaintiff which Tykma had represented would allow him to carry out the functions he had requested.

10.      On May 19, 2016 Mr. Wong contacted Tykma regarding issues with the Rotary on the device. Specifically, he notified Tykma "when running continuous graphics the Machine was rotating too far between markings and leaving small gaps". He further notified Tykma that the Machine was unresponsive to corrective measures suggested in the manual as confirmed by Tykma's service engineer, Mr. Mark Bragg.

11.      Unable to use the machine for the specific tasks for which it was intended, Mr. Wong shipped the Rotary device of the Machine back to Tykma for troubleshooting and repair.

Tykma kept the Rotary device for almost a month for "testing" but Tykma admitted that the problem could not be solved.

12.      On or about July 20, 2016, Tykma shipped the Rotary device back to Mr. Wong and admitted that the machine cannot perform the 3D deep engraving without split lines being visible, even after following the corrective measures suggested in the manual and Tykma's service department. Tykma further admitted that the Machine it sold Mr. Wong did not have the 40-waveform function he ordered.

13.     To add insult to injury, When Mr. Wong received the Rotary device back from Tykma, he noticed that it was damaged probably as a result poor and inadequate packing. When Mr. Wong contacted Tykma about the damaged Rotary.  On July 27, 2016, Mr. Donnie Igou, Tykma's Operations Supervisor promised to replace the Rotary and ship a new one. Unfortunately to this day Mr. Wong has yet to receive a replacement Rotary.

14.     As a direct result to Tykma's misrepresentation and deceptive business regarding the functionality of the Machine, sustained damages including but not limited to loss of business income, loss of personal income, loss of business opportunity, interest on financing of the Machine purchase price, attorneys fees and court costs.

## CAUSES OF ACTION

### I.     <u>Violation of the DTPA</u>

15.     This Claim is filed pursuant to the provisions of Section 14.41 et Seq. of the Texas Deceptive Trade and Practices Act (DTPA) upon the grounds that acts and procedures of Defendant as described in this complaint are prohibited by statute including but not limited to 17.46(a), 17.46(b)(2), 17.46(b)(7), 17.46(b)(13), 17.46(b)(22) and 17.46(b)(24).

Plaintiff further bring cause of action under 17.50 (a)(2) for breach of express and implied warranty.

16.     At All times relevant to this Suit, Plaintiff was acting as a consumer as defined in Section 17.45(4) of the Texas Deceptive Trade Practices Act and Defendant was engaged in " Trade and Commerce" as defined in Section 17.45(6) of the Texas Deceptive Trade Practices Act.

17.     Defendant is a company and can be sued under the DTPA.

18.     Defendant violated the DTPA when Defendant engaged in false, misleading, or deceptive acts or practices and an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree. Specifically, Defendant violated the DTPA when Defendant sold Plaintiff a defective Machine that did not conform to the specification and requisites Mr. Wong requested and paid for, and further refused to properly remedy the situation, which caused Plaintiff to suffer damages including but not limited to loss of business income, loss of personal income, loss of business opportunity, interest on financing of the Machine purchase price, attorneys fees and court costs

19.     <u>Additional Damages</u>: Defendant acted knowingly and/or intentionally, which entitles the Plaintiff to recover treble damages under Texas business & Commerce code section 17.50(b)(1).


20.     <u>Attorney's fees</u>: Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas business & Commerce Code section 17.50(d). Plaintiff requests that Defendant pay to Plaintiff's his legal fees incurred in connection with this lawsuit. Legal fees continue to accrue during the litigation of this matter.

## II.     <u>Breach of Contract</u>

21.     Defendant entered into a contract of sale of the Machine under the specifications listed in Plaintiff's Purchase Order and confirmed in Defendant's Order Confirmation. Defendant admitted that the Machine lacked one or more functionalities it stated it did in its agreement with the Plaintiff. Defendant thus breached it agreement with the Plaintiff causing the Plaintiff damages including but not limited to loss of business income, loss of

personal income, loss of business opportunity, interest on financing of the Machine

purchase price, attorneys fees and court costs.


### III.     Breach of Implied Warranty of Fitness for Particular Purpose

22.     Defendant is liable to Plaintiff for breach of the implied warranty of fitness for

particular purpose. TEX. BUS. & COM. CODE § 2.315.

23.     Plaintiff is a consumer.

24.     Defendant is a merchant who manufactures and markets the machine.

25.     Defendant manufactured the Machine which was defective.

26.     Plaintiff relied on Defendant's skill, reputation and judgment when representing

that the Machine at issue was fit for its intended purpose.

27.     Defendant breached the implied warranty of fitness for particular purpose because

Defendant manufactured and sold the Machine that was not fit for its intended use.

28.     Defendant did not disclaim this warranty.

29.     Defendant's breach of warranty was a proximate and producing cause of

Plaintiff's damages and injuries.

30.     Plaintiff suffered damages as a result of Defendant' breach of warranty including

but not limited to loss of business income, loss of personal income, loss of business

opportunity, interest on financing of the Machine purchase price, attorneys fees and court

costs.

## DEMAND FOR JURY TRIAL

31.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by this Original Complaint and on all other issues so triable.

## PRAYER FOR RELIEF

32.     **WHEREFORE, PREMSISE CONSIDERED**, Plaintiff prays that this Court require Defendant to appear herein, and upon final judgment grant Plaintiff his relief requested herein, and such other and further relief as Plaintiff may be entitled to in law or equity.

Respectfully submitted,

Dated October 4, 2016.

/s/ Mehdi Cherkaoui

Mehdi Cherkaoui
Southern District of Texas ID No. 2101221
Texas Bar No. 24086077
Cherkaoui & Associates P.L.L.C.
1200 Smith Street Suite 1600
Houston, TX 77002
Phone: 281-946-9466
Fax: 877-282-7874
Mehdi@cherkaouilawfirm.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been
properly forwarded to Tykma Corp. listed below via Civil Process server addressed as
follows:


Civil Process Server to:

Tykma Electrox
370 Gateway Drive
Chilicothe, OH 45601


_____/s/ Mehdi Cherkaoui_____

Mehdi Cherkaoui
Attorney for Plaintiff